# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SUBPOENA OF JUSTIN WORKS, as issued in IN RE EpiPen (Epinephrine Injection, USP) by the United States District Court for the District of Kansas | Case No. 18-cv-2637-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Non-Party Justin Works' Motion to Quash Subpoena (ECF No. 1). Mr. Works seeks an order quashing a Rule 45 subpoena served on him by Mylan Inc. and Mylan Specialty L.P. ("Mylan"). Mylan opposes the motion. As set forth below, the Court will deny the motion.

### I. Relevant Background

On October 23, 2018, Mylan served a Rule 45 deposition subpoena on Justin Works ("movant") in Seattle, Washington, where he lives and works. The subpoena directed him to appear for deposition one week later. On October 29, 2018, in the Western District of Washington, movant filed both this motion and a motion to transfer to the District of Kansas. On November 13, 2018, Mylan filed a response consenting to the transfer and opposing the motion to quash. The motion to transfer was granted, and on November 26, 2018, the case was transferred to this District.[1]

Mylan seeks to question movant about economic consulting work he and his then-employer Analysis Group, Inc. performed for Sanofi in 2011 and 2012 relating to epinephrine

---

[1] ECF No. 13.

auto-injectors.[2] Mylan asserts Sanofi retained AGI to research Auvi-Q pricing, marketing, formulary placement, and projected success before putting it on the market. Mylan seeks to obtain evidence to support its contention that Sanofi's understanding of commercial realities was flawed, and that flawed understanding was informed by AGI's reports. Mylan issued a document subpoena to AGI in January 2018, which AGI resisted, and ultimately its scope was determined by the undersigned Magistrate Judge in the Court's August 27, 2018 ruling on Mylan's motion to compel.[3] Mylan moved for review of that ruling[4] and began communicating with AGI's counsel in an effort to schedule a deposition of movant. Despite repeated requests, it was not until October 24, 2018, six days before the noticed deposition, that AGI's counsel confirmed he represents movant and informed Mylan that movant intended to file this motion. Given the history of Mylan's efforts to obtain discovery first from AGI and now from movant, the Court finds the parties have complied with the requirements of D. Kan. R. 37.2.[5]

## II. Summary of the Parties' Arguments

Movant seeks an order quashing the subpoena under the required grounds set forth in Rule 45(d)(3)(A)(i), (iii), and (iv), and under the permissive basis found in Rule 45(d)(3)(B)(ii). Movant contends Mylan's subpoena should be quashed because he was not afforded adequate

---

[2] Movant states that his full-time employment with AGI ended in early 2015. The motion and response do not indicate whether he continued working for AGI in any other capacity after that time.

[3] *Mylan Inc. v. Analysis Group, Inc.*, No. 18-mc-209-DDC-TJJ (ECF No. 24).

[4] Judge Crabtree denied review (ECF No. 33).

[5] The Court recognizes that movant made virtually no effort to resolve this matter before he filed the instant motion. However, given the lateness in the discovery period, the Court will decide the motion on the merits.

2

time to prepare and make himself available for the deposition on the date it was noticed. He urges the Court to apply the same analysis articulated in the order ruling on Mylan's motion to compel AGI, which he contends will shield him from a deposition. Finally, he argues that his deposition would yield little benefit to Mylan because it has gathered substantial information from his former employer, AGI.

Mylan asserts that it began trying to schedule this deposition one month in advance and offered flexibility on the date. Mylan also contends that movant's arguments concerning burden and alleged protected information fail because movant offers nothing more than conclusory objections without affidavit. Finally, Mylan disputes that movant is an unretained expert, thus making unavailable the objection asserted by AGI.

### III. Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[6] Non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses.[7]

Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden."[8] The rule also allows a court discretion to

---

[6] Fed. R. Civ. P. 45(d)(1).

[7] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

[8] Fed. R. Civ. P. 45(d)(3)(A).

quash or modify a subpoena that requires the disclosure of "an unretained expert's opinion."[9]

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[10] In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[11] Information still "need not be admissible in evidence to be discoverable."[12] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[13] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[14] Relevancy determinations are generally made on a case-by-case basis.[15]

---

[9] Fed. R. Civ. P. 45(d)(3)(B).

[10] *In re Syngenta AG MIR 162 Corn Litigation*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

[11] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[12] Fed. R. Civ. P. 26(b)(1).

[13] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[14] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[15] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

## IV. Analysis[16]

Movant argues the subpoena must be quashed because it did not afford him sufficient time to prepare himself to testify about matters that occurred in 2011 and 2012 when he was employed by AGI, particularly because doing so would require him to take time away from his current job. Mylan disputes the accuracy of the argument, pointing out that it first attempted to contact him on September 28, 2018, more than four weeks before the deposition as ultimately scheduled. In addition, Mylan invited movant to identify a different date, and states it would have sought an extension of the October 31, 2018 discovery deadline had movant suggested a date beyond that. Movant filed no reply in support of this motion, and the Court thus accepts the facts as Mylan recounts them. Based on the record, the Court finds that Mylan afforded movant a reasonable time to comply. The motion is denied insofar as it seeks relief under Rule 45(d)(3)(A)(i).

Movant purports to seek relief from the subpoena because it requires disclosure of protected material, but the only reference he makes to such material is the Court's order regarding protected work product of AGI's unretained experts.[17] The argument does not support a request for mandatory relief, but instead falls under the permissive relief described in Rule 45(d)(3)(B). More to the point, movant provides no factual or legal basis demonstrating how the Court's ruling on Mylan's document subpoena to AGI controls or even informs Mylan's deposition subpoena to movant. It is not enough to simply assert that protected information is at

---

[16] Movant does not challenge the relevancy of the testimony Mylan seeks, and the Court finds the topics are relevant.

[17] *See Mylan Inc. v. Analysis Group, Inc.*, No. 18-mc-209-DDC-TJJ (ECF No. 24 at 7-9).

issue, and movant failed to further explain his position by not filing a reply brief. The motion is denied insofar as it seeks relief under Rule 45(d)(3)(A)(iii).

Movant contends that complying with the subpoena would be unduly burdensome, but the only burden he describes is the amount of time he would have had to comply. He offers no affidavit with facts demonstrating the burden he would suffer, but merely makes a conclusory assertion. Without further explanation in a reply brief, the Court finds movant has not met his burden to demonstrate that compliance would cause him undue burden. The motion is denied insofar as it seeks relief under Rule 45(d)(3)(A)(iv).

The Court has already noted movant's failure to analyze the unretained expert opinion argument to show how it applies to him, but because movant also specifically moves under Rule 45(d)(3)(B)(ii), the Court looks more closely to determine if movant qualifies as an unretained expert. As Mylan points out, movant does not stand in the same position as AGI: the deposition subpoena seeks movant's testimony about documents AGI produced and movant's communications with Sanofi. The unretained expert opinion issue the Court addressed with AGI resulted in relieving AGI of the obligation to provide documents that reflected AGI's internal deliberations. Mylan seeks to depose movant as a fact witness, and movant has provided no basis from which the Court may conclude that he was an unretained expert. The motion is denied insofar as it seeks relief under Rule 45(d)(3)(B)(ii).

**IT IS HEREBY ORDERED** that Non-Party Justin Works' Motion to Quash Subpoena (ECF No. 1) is denied.

**IT IS FURTHER ORDERED** that the deadline for the deposition is extended until January 15, 2019.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2018 in Kansas City, Kansas.

                                                      Teresa J. James
                                                     U. S. Magistrate Judge